## STEPHEN TUNSTALL, RESPONDENT, *v.* WALTER W. WINTON, APPELLANT.

*Motion — a decision of one justice cannot be reviewed at a Special Term held by another — Code of Civil Procedure, sec. 1002.*

Where, upon a case being called for trial, the defendant appears and objects to the plaintiff's proceeding with the trial upon the ground that all proceedings on his part have been stayed by his failure to pay costs awarded against him, and such objections are heard and overruled by the court and the trial had, the only remedy of the defendant is a motion for a new trial before the justice by whom the trial was had, or an appeal to the General Term.

He cannot move, at a Special Term held by another justice, to have the verdict and all other proceedings on the part of the plaintiff vacated and set aside.

APPEAL from an order made by Justice VAN VORST, denying defendant's motion to vacate and set aside as null and void the verdict herein, and all other proceedings on the part of the plaintiff subsequent to December 4, 1882.

*B. F. Sawyer*, for the appellant.

*E. P. Wilder*, for the respondent.

BRADY, J.:

The motion made by the defendant was predicated of the theory that all proceedings on the part of the plaintiff had been stayed by certain orders, to which particular reference need not be made for the purpose of this appeal.

When the cause was reached upon the calendar, it is averred, on behalf of the plaintiff, the defendant answered ready, and the objection was not taken, until after the jury was impanneled and sworn, that the plaintiff's proceedings were stayed. The objection which was then overruled because the stay, if any existed, had been waived by defendant's answering ready when the cause was called

from day to day, and because it was interposed too late, the jury having been impanneled and sworn.

On the part of the defendant, it is asserted that the statement on the plaintiff's behalf, just referred to, was false, and what is asserted to be a correct version of what occurred, as furnished by the stenographer, shows that the defendant's counsel, at the time the case was called, said : " I have a motion to make before your honor. I claim that this action has been stayed under section 779 of the Code since November, 1882, by reason of the non-payment of $165.40 interlocutory costs, taxed November 4, 1882, by the clerk of this court, and I also offer to prove it by a certified copy of the order of this court making the decision of the Court of Appeals the decision of this court, and I offer to prove the service of the same on the plaintiff's attorney November 2, 1882, said motion having been made at the proper time to have it appear on the record of the trial."

It appears from the papers that the motion was decided in favor of the defendant by Justice VAN VORST, who held that the effect of the decision of the Court of Appeals, and especially of its order of the 8th of May, 1883, was to stay the plaintiff's proceedings, and, therefore, the verdict and subsequent proceedings were irregular and should be set aside. But upon the reargument of the motion which was ordered, and upon further consideration, the learned justice came to the conclusion that the motion as originally made must be denied ; and this appears to have been chiefly upon the ground that the defendant having objected to the trial proceeding on account of the stay which he asserted existed, the error committed in proceeding with the trial was one which must be corrected by appeal, and that he could not, however well satisfied of the objections, dispose of them summarily. This view is doubtless founded upon section 1002 of the Code, which provides that where a motion for a new trial is made, founded upon an allegation of error in the finding of fact, the ruling upon the law made by the judge upon the trial cannot be heard at a Special Term held by another judge, unless the judge who presided at the trial is dead or his term of office has expired, or he specially directs the motion to be heard by another judge.

This application rests upon the proceedings which took place

upon the calling of the case on the regular call of the calendar, and in which the judge presiding decided either that the right to insist upon the stay claimed had been waived, or that no stay in fact existed. There was undoubtedly a decision upon the question arising upon the claim on behalf of the defendant that a stay existed, and therefore the remedy of the defendant was by appeal from the decision made in reference thereto. Such has been the uniform course in reference to such incidents and it is preserved by the Code.

A motion to set aside a verdict upon grounds such as presented herein is substantially an application for a new trial, and it is embraced within the provisions of section 1002 of the Code, before alluded to, and by which the motion must be made before the judge who presided at the trial unless the exigencies mentioned in the Code existed which prevented it from being heard by him. If the plaintiff had proceeded to trial in the absence of the defendant, a motion might doubtless have been made to set aside the verdict for irregularity, because of the existence of the stay which restrained the plaintiff from moving in the case. But the defendant, as already suggested, having appeared upon the trial and having objected for reasons stated, to the plaintiff's proceeding in the cause, and the judge having ruled upon it, under the section of the Code already referred to, it would seem to be indispensable that the motion should be made for a new trial at the Special Term in the first instance. But if this view be incorrect the only remedy which the defendant could adopt would be to appeal to the General Term to correct the error of law by which the plaintiff would be enabled to proceed.

For these reasons, inasmuch as the motion was not made to set the verdict aside before the judge who presided at the trial, and inasmuch as no appeal was taken on the decision of such proceeding in the form required by law, the order appealed from must be affirmed, and we think, under the circumstances, without costs.

Davis, P. J., and Daniels, J., concurred.

Order affirmed, without costs.